FILED
CLERK, U.S. DISTRICT COURT

4/4/25

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_MRV\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:25-cr-00251-WLH |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vi): Possession with Intent to Distribute Methamphetamine and Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture] |
| JOHN PAUL JONES, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about April 30, 2024, in San Luis Obispo County, within the Central District of California, defendant JOHN PAUL JONES knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 94 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about April 30, 2024, in San Luis Obispo County, within the Central District of California, defendant JOHN PAUL JONES knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 250 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

//

//

//

1  the jurisdiction of the court; (d) has been substantially diminished
2  in value; or (e) has been commingled with other property that cannot
3  be divided without difficulty.

                                                A TRUE BILL

                                                /S/
                                                Foreperson

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

JEREMY K. BEECHER
Assistant United States Attorney
International Narcotics, Money Laundering & Racketeering Section