BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
NICHOLAS G. PURCELL (Cal. Bar No. 313632)
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3752
     Facsimile: (213) 894-0141
     E-mail:    nicholas.purcell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>JOHN PAUL JONES,<br><br>            Defendant. | No. 2:25-cr-00251-WLH<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**<br>November 17, 2025, at 9:00 a.m.<br>**PROPOSED TRIAL DATE:**<br>October 19, 2026, at 9:00 a.m.<br><br>**CURRENT STATUS CONFERENCE DATE:**<br>November 7, 2025, at 10:30 a.m.<br>**PROPOSED STATUS CONFERENCE DATE:**<br>October 9, 2026, at 10:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Nicholas G. Purcell, and defendant John Paul Jones ("defendant"), both individually and by and through his counsel of record, hereby stipulate as follows:

1. The Indictment in this case was filed on April 4, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on September 23, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 2, 2025.

2. On September 23, 2025, the Court set a trial date of November 17, 2025, and a pretrial conference date of November 7, 2025.

3. Defendant is detained pending trial. He first appeared in this case pursuant to a writ of habeas corpus ad prosequendum because he is currently serving a state sentence of over eight years. The parties estimate that the trial in this matter will last approximately two days.

4. By this stipulation, defendant moves to continue the trial date to October 19, 2026, at 9:00 a.m., and the pretrial conference to October 9, 2026. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (viii) (Possession with Intent to Distribute Methamphetamine and Fentanyl). The government has produced discovery to the defense, including over 1,000 pages of photographs, reports, and text messages, as well as multiple video and audio files.

    b. Defense counsel is presently scheduled to be in the following trials;

i. *USA v. Gomez Dzul Russell*, case no. 2:25-CR-00503-MAA (C.D. Cal.): Non-complex protest case (18 U.S.C. § 111(a)(1)) set for 11/20/2025 estimated to last two days. The parties are trial ready and anticipate proceeding on 11/20/2025. Mr. Gomez Dzul was charged by information on 6/18/2025, but initially appeared on 6/9/2025. He is in custody.

ii. *USA v. Davyd Brand*, case no. 8:23-cr-69-FMO (C.D. Cal.): Complex 25-count indictment for impersonating a federal officer, fraudulent use of documents, wire fraud, aggravated identity theft, misuse of passport, use of fraudulent seals, and possession of fraudulent seals expected to last at least two weeks, currently set for 10/28/2025 at 8:00 AM. Mr. Brand's Motion to Dismiss is pending before the Court and set to be heard on September 18, 2025. If denied, the parties will likely stipulate to one final lengthy continuance, approximately one year and will likely be ready to proceed on that date. Mr. Brand is serving another federal sentence and was indicted on 5/24/2023 but arraigned on 5/27/2025. He is in custody.

iii. *USA v. Jose Lopez Gomez*, case no. 2:25-cr-00533-SVW (C.D. Cal.), semi-complex possession with intent to distribute methamphetamine and fentanyl case set for trial on 11/18/2025, estimated to last 3-4 days. Mr. Jones was indicted on 6/27/2025 but initially appeared on 9/26/2025. He is on bond. The parties will likely file a longer continuance request in the coming weeks and will not need additional continuances after that. No continuances have been sought yet.

iv. *USA v. Ketcham*, case nos. 2:23-po-00570-AS, 2:23-po-00785-AS, 2:23-po-718-AS (C.D. Cal.), a semi-complex Central

Violations Bureau case with eight misdemeanor citations including simple assault, disorderly conduct, failure to comply with safety signs of restrictive nature, blocking multiple handicap parking spaces, parking continuously for over 18 hours, and failure to depart when so ordered, that is set for trial on 12/15/2025 at 8:00 AM, and is expected to last approximately two days. The parties have continued the case two times and will not continue it again absent good cause currently unknown to the parties at this time. Mr. Ketcham is out on bond and this case has been pending since in or around 2017 but Mr. Ketcham's first trial date was not set until 8/21/2024 as he compiled citations over time.

        v.    *USA v. Gisselle Medina*, case no. 2:25-CR-00531-AS (C.D. Cal.), non-complex accessory after the fact trial (18 U.S.C. § 3) related to the Los Angeles protests in June 2025 tentatively set for trial on February 2, 2026, which has not yet been confirmed by the Court. It is estimated to last one to two days. This was the parties' first request for a continuance and they do not anticipate continuing it a second time as they will be ready to proceed with trial by February 2, 2026. Ms. Medina is on bond, was charged via information on 6/27/2025 and first appeared in this case on 6/9/2025.

        vi.    *USA v. Chase Kennedy*, case no. 2:25-cr-00022-TJH (C.D. Cal.), non-complex possession with intent to distribute fentanyl (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(C)) trial set for 2/10/2026 at 8:30 AM, expected to last three days. This case has been continued twice and the parties do not anticipate needing another continuance. They are in plea negotiations and Mr. Kennedy has a CASA application pending. Mr. Kennedy was indicted on 1/14/2025

4

but initially appeared on January 10, 2025. He is currently out on bond.

    vii. *USA v. Frank Orellana*, case no. 2:25-cr-262-AB (C.D. Cal.), complex fentanyl distribution and fentanyl distribution resulting in death trial (21 U.S.C. §§ 841(a)(1),(b)(1)(C)) set for 3/24/2026 at 8:00 AM, and is expected to last one week. Mr. Orellana was indicted on 4/8/2025 and originally appeared on 7/9/2025. He is currently out on bond.  This case has only been continued once and counsel for Mr. Orellana anticipates one additional continuance might be necessary to conduct further investigation. At this time, she does not know how long of a continuance she might need, but estimates 3-6 months.

    viii.    *USA v. Eduardo Hernandez-Nunez*, case no. 2:25-cr-00495-JLS (C.D. Cal.), non-complex unlawful re-entry case (8 U.S.C. § 1326) set for trial on 5/12/2026, estimated to last four days. Mr. Hernandez Nunez was indicted on 6/17/2025 and initially appeared on 5/7/2025. He is out on bond. This was the parties' first and only request for a continuance. They anticipate being trial ready and proceeding to trial on 5/12/2026.

    c.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

       d.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

       e.    The government does not object to the continuance.

       f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of the date of the corresponding order of this stipulation to October 19, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 16, 2025            Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
NICHOLAS G. PURCELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**CERTIFICATION OF DEFENSE COUNSEL**

I am John Paul Jones's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 19, 2026 is an informed and voluntary one.

_____     10/17/2025
HANNAH A. BOGEN                       Date
Attorney for Defendant
JOHN PAUL JONES

**CERTIFICATION OF DEFENDANT**

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 19, 2026.

_____     10/17/2025
JOHN PAUL JONES                       Date
Defendant